IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                        )
CHRISTOPHER CELONA,                     )
PRUDENCE CELONA,                        )
PAUL CELONA,                            )
        Plaintiffs,                     )
                                        )
        v.                              )
                                        )
NEIL ERICKSON,                          )
        In his official capacity as Police Chief,   )
JAMES F. TRIFIRO,                       )
        In his individual capacity as a police officer )
RUSS ST. PIERRE,                        )
        In his individual capacity as a police officer )
Defendants.                             )
                                        )
_____)
```

## COMPLAINT

Now comes the Plaintiffs, Christopher Celona, Prudence Celona, and Paul Celona by and through undersigned counsel, and complain of the Defendants as follows:

## INTRODUCTION

1. Chief Erickson denied Christopher Celona's application for the renewal of his License to Carry Firearms. Sergeant St. Pierre, of the Gardner Police arrived at the home of Christopher and Prudence Celona with a letter instructing Christopher Celona to surrender all of his firearms and ammunition. Sergeant St Pierre entered Celona's home and seized all of the firearms in the home belonging to Christopher Celona, Prudence Celona, and Paul Celona, claiming that the denial letter from the Chief authorized them to enter the home, search for weapons, and seize those weapons. Sergeant Trifiro refused to return any property until all of the property had been entered into MIRCS, with the commonwealth of Massachusetts, despite no legal requirement to do so. These acts, conducted under color of law, violated the Plaintiffs' Second, Fourth, and Fourteenth Amendment Rights under the United States Constitution, and also caused property damage when Christopher Celona was unable to protect his livestock from predators as he had been stripped of any effective weapons with which to do so.

## THE PARTIES

2. Christopher Celona is a natural person and a resident of the city of Gardner in the county of Worcester in the Commonwealth of Massachusetts and is a United States Citizen.

3. Prudence Celona is a natural person and a resident of the city of Gardner in the county of Worcester in the Commonwealth of Massachusetts and is a United States Citizen.

4. Christopher Celona is married to and lives with Prudence Celona

5. Paul Celona is a natural person and a resident of the town of Shirley in the county of Middlesex in the Commonwealth of Massachusetts and is a United States Citizen.

6. Paul Celona is the father of Plaintiff Christopher Celona.

7. Defendant Neil Erickson ("Erickson") is the Chief of Police for the City of Gardner, Massachusetts and is the authority charged with issuing Massachusetts Licenses to Carry Firearms to residents residing in Gardner, Massachusetts and is employed in the City of Gardner, County of Worcester, in the Commonwealth of Massachusetts.

8. Defendant James Trifiro ("Trifiro") at all times relevant to this complaint, was a police officer employed by the City of Gardner, and all of his actions alleged in this complaint were done under the color of law.

9. Defendant Russ St. Pierre ("St. Pierre") at all times relevant to this complaint, was a police officer employed by the City of Gardner, and all of his actions alleged in this complaint were done under the color of law.

## JURISDICTION AND VENUE

10. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

11. This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Plaintiff's Background*

12. Christopher Celona is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

13. Prudence Celona is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced her citizenship, and has never been the subject of a restraining order relating to an intimate partner.

14. Paul Celona is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

FACTS

15. When Christopher Celona was eighteen years old, he was convicted of possession of marijuana in New Hampshire and paid a small fine.

16. Prior to April of 2015, Christopher Celona had possessed a License to Carry Firearms in Massachusetts for over twenty years.

17. In 2014, Christopher Celona submitted an application to renew his License to Carry Firearms to the Gardner Police Department.

18. On April 7, 2015, Defendant St. Pierre arrived at the Celona home with a letter stating that Christopher Celona's application to renew his License to Carry Firearms had been denied due to the New Hampshire conviction for possession of marijuana.

19. The letter also indicated that Celona was required to surrender his firearms to the Gardner Police Department.

20. The letter that Defendant St. Pierre carried was signed by Defendant Erickson.

21. The letter that Defendant St. Pierre carried was not signed by a judge or magistrate.

22. Massachusetts General Laws, Chapter 140, Section 129D provides, in part:

> Upon revocation, suspension or denial of an application for a firearm identification card pursuant to section 129B or for any firearms license if the firearm identification card is not then in force or for any machine gun license, the person whose application was so revoked, suspended or denied shall without delay deliver or surrender to the licensing authority where the person resides all firearms, rifles, shotguns and machine guns and ammunition which the person then possesses unless an appeal of the revocation or suspension is pending. The person or the person's legal representative shall have the right, at any time up to 1 year after the delivery or surrender, to transfer the firearms, rifles, shotguns and machine guns and ammunition to any licensed dealer or any other person legally permitted to purchase or take possession of the firearms, rifles, shotguns and machine guns and ammunition and, upon notification in writing by the purchaser or transferee and the former owner, the licensing authority shall within 10 days deliver the firearms, rifles, shotguns and machine guns and ammunition to the transferee or purchaser and the licensing authority shall observe due care in the receipt and holding of any such firearm, rifle, shotgun or machine gun and ammunition; provided, however, that the purchaser or transferee shall affirm in writing that the purchaser or transferee shall not in violation of section 129C transfer the firearms, rifles, shotguns or machine guns or ammunition to the former owner.

23. Defendant St. Pierre demanded entry into Celona's home, stating that the letter gave him the authority to enter the home and seize Celona's firearms.

24. Defendant St. Pierre seized the firearms belonging to Christopher Celona, along with the firearms belonging to Prudence Celona and the firearms belonging to Paul Celona.

25. Prudence Celona went to the police station to retrieve her firearm.

26. Defendant Trifiro informed Prudence Celona that her property would not be returned until all of the seized firearms were "properly registered"[1]

27. Christopher Celona reported the transfer of his seized firearms to his father using the Massachusetts Gun Transaction Portal.

---

[1] Massachusetts General Law c. 140, §§128A and 128B, requires all individuals who sell, transfer, inherit, or lose a firearm to report the sale, transfer, inheritance, or loss of the firearms to the Department of Criminal Justice Information Services Firearms Records Bureau. There is no requirement under Massachusetts law to "register" firearms.

28. Paul Celona provided to Defendant Trifiro proof of the transfer of Christopher Celona's firearms, along with a letter indicating he would comply with the laws of the Commonwealth of Massachusetts.

29. Defendant Trifiro refused to return Paul Celona's property or Prudence Celona's property because one of the firearms apparently did not show up as transferred, and several of Paul Celona's firearms were not "registered".

30. The defendants offered no hearing or any form of due process to the plaintiffs after seizing their property.

31. Paul Celona entered his firearms into the Massachusetts Gun Transaction Portal.

32. Only after Paul Celona entered his firearms into MIRCS despite no legal requirement to do so did Defendant Trifiro return the property of Paul Celona and the property of Prudence Celona.

33. Christopher Celona and Prudence Celona raise livestock at their home in Gardner.

34. Some time after April 7, 2015, several chickens belonging to Christopher Celona and Prudence Celona were killed by a coyote.

35. Christopher Celona watched helplessly as his livestock was destroyed.

36. Christopher Celona would have used a rifle to protect his livestock, but for the denial of his right to bear arms and the confiscation of his firearms.

*Constitutional Provisions*

37. The Second Amendment provides: A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend II.

38. The Second Amendment guarantees the individual right to posses a firearm in the home for the purpose of self defense. District of Columbia v. Heller, 554 U.S. 570 (2008).

39. The Fourth Amendment guarantees the individual right to be free from unreasonable search and seizure. U.S. Const. Amend IV

40. The Fourteenth Amendment provides: "No State shall … deprive any person of life, liberty, or property, without due process of law". U.S. Const. amend XIV.

*41.* The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. 742 (2010).

*Defendant's Regulatory Scheme*

*42.* Residents of Massachusetts must obtain an LTC to both purchase and possess handguns. M.G.L. c. 140, §§ 129C, 131, 131E, c269 § 10.

*43.* Local Police Chiefs/Commissioners administer firearms licensing for any person residing or having a place of business within the jurisdiction of the licensing authority. M.G.L. c. 140, §§ 121, 129B, and 131.

*44.* Applicants who are considered prohibited persons and will not be granted an LTC. M.G.L. c. 140 § 131(d).

*45.* A prohibited person shall be a person who:

> (i) has, in a court of the commonwealth, been convicted or adjudicated a youthful offender or delinquent child, both as defined in section 52 of chapter 119, for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) **a violation of any law regulating the use, possession or sale of a controlled substance as defined in section 1 of chapter 94C including, but not limited to, a violation of said chapter 94C; or** (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33);
>
> (ii) has, in any other state or federal jurisdiction, been convicted or adjudicated a youthful offender or delinquent child for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) **a violation of any law regulating the use, possession or sale of a controlled substance as defined in said section 1 of said chapter 94C including, but not limited to, a violation of said chapter 94C**; or (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33); M.G.L. c. 140, § 131(d)(ii)

<u>COUNT I</u>

<u>Violation of Christopher Celona's Second Amendment Right to keep and bear arms by denying his License to Carry Firearms</u>

*46.* PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47. Defendant Erickson's refusal to issue an LTC to Christopher Celona due to a conviction for marijuana possession infringes Christopher Celona's Second Amendment Right to keep and bear arms.

48. Defendant Erickson's refusal to issue an LTC to Christopher Celona due to a charge of marijuana possession caused damages to Christopher Celona's livestock.

49. Christopher Celona is entitled to declaratory and injunctive relief barring Defendant Erikson from refusing to renew his LTC due to his conviction for marijuana possession and a judgment for monetary damages including, but not limited to, the value of his livestock.

## COUNT II

Violation of Christopher Celona's Second Amendment Right to keep and bear arms by seizing his firearms

50. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51. Defendant St. Pierre's seizure of Christopher Celona's firearms infringed on Christopher Celona's Second Amendment Right to keep and bear arms.

52. Defendant St. Pierre's seizure of Christopher Celona's firearms caused damages to Christopher Celona's livestock.

53. Christopher Celona is entitled to judgment for monetary damages including, but not limited to, the value of his livestock caused by Defendant St. Pierre's seizure of Christopher Celona's firearms.

## COUNT III

Violation of Christopher Celona's Fourth Amendment Right to be free from unreasonable seizure

54. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55. Defendant St. Pierre's seizure of Christopher Celona's firearms infringed on Christopher Celona's Fourth Amendment Right to be free from unreasonable seizure.

56. Defendant St. Pierre's seizure of Christopher Celona's firearms caused damages to Christopher Celona's livestock.

57. Christopher Celona is entitled to a judgment for damages caused by Defendant St. Pierre's seizure of his property, including, but not limited to, the value of his destroyed livestock.

COUNT IV

Violation of Christopher Celona's Fourth Amendment Right to be free from Unreasonable Searches

58. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. Defendant St. Pierre's search of Christopher Celona's home infringed on Christopher Celona's Fourth Amendment Right to be free from unreasonable search.

60. Defendant St. Pierre's search of Christopher Celona's firearms led to the damages to Plaintiff Christopher Celona's livestock.

61. Christopher Celona is entitled to a judgment for monetary damages caused by Defendant St. Pierre's warrantless search of his property, including, but not limited to, the value of his destroyed livestock.

COUNT V

Deprivation of Christopher Celona's Fourteenth Amendment Right to Due Process

62. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63. Defendant Trifiro's refusal to return the property of Christopher Celona deprived Christopher Celona of his Fourteenth Amendment right to Due Process.

64. Defendant Trifiro's refusal to return the property of Christopher Celona caused damages to Christopher Celona's livestock.

65. Christopher Celona is entitled to a judgment for monetary damages caused by Defendant Trifiro's refusal to return his property, including, but not limited to, the value of his destroyed livestock.

COUNT VI

Violation of Prudence Celona's Second Amendment Right to keep and bear arms by seizing her firearms

66. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67. Defendant St. Pierre's seizure of Prudence Celona's firearms infringed on Prudence Celona's right to keep and bear arms.

68. Defendant St. Pierre's seizure of Prudence Celona's firearms caused damages to Prudence Celona's livestock.

69. Prudence Celona is entitled to judgment for monetary damages including, but not limited to, the value of her livestock caused by Defendant St. Pierre's seizure of Prudence Celona's firearms.

## COUNT VII

### Violation of Prudence Celona's Fourth Amendment Right to be free from unreasonable seizure

70. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71. Defendant St. Pierre's seizure of Prudence Celona's firearms infringed on Prudence Celona's Fourth Amendment Right to be free from unreasonable seizure.

72. Defendant St. Pierre's seizure of Prudence Celona's firearms caused damages to Prudence Celona's livestock.

73. Prudence Celona is entitled to a judgment for damages caused by Defendant St. Pierre's seizure of her property, including, but not limited to, the value of her destroyed livestock.

## COUNT VIII

### Violation of Prudence Celona's Fourth Amendment Right to be free from Unreasonable Searches

74. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75. Defendant St. Pierre's search of Prudence Celona's home infringed on Prudence Celona's Fourth Amendment Right to be free from unreasonable search.

76. Defendant St. Pierre's search of Prudence Celona's firearms led to the damages to Plaintiff Prudence Celona's livestock.

77. Prudence Celona is entitled to a judgment for monetary damages caused by Defendant St. Pierre's warrantless search of her property, including, but not limited to, the value of her destroyed livestock.

## COUNT IX

### Deprivation of Prudence Celona's Fourteenth Amendment Right to Due Process

78. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. Defendant Trifiro's refusal to return the property of Prudence Celona deprived Prudence Celona of her Fourteenth Amendment right to Due Process.

80. Defendant Trifiro's refusal to return the property of Prudence Celona caused damages to Prudence Celona's livestock.

81. Prudence Celona is entitled to a judgment for monetary damages caused by Defendant Trifiro's refusal to return her property, including, but not limited to, the value of her destroyed livestock.

## COUNT X

Violation of Paul Celona's Second Amendment Right to keep and bear arms by seizing his firearms

82. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

83. Defendant St. Pierre's seizure of Paul Celona's firearms infringed on Paul Celona's right to keep and bear arms.

84. Paul Celona is entitled to judgment for monetary damages caused by Defendant St. Pierre's seizure of Paul Celona's firearms.

## COUNT XI

Violation of Paul Celona's Fourth Amendment Right to be free from unreasonable seizure

85. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86. Defendant St. Pierre's seizure of Paul Celona's firearms infringed on Paul Celona's Fourth Amendment Right to be free from unreasonable seizure.

87. Paul Celona is entitled to a judgment for damages caused by Defendant St. Pierre's seizure of his property.

## COUNT XII

Deprivation of Paul Celona's Fourteenth Amendment Right to Due Process

88. PLAINTIFFS restate and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

89. Defendant Trifiro's refusal to return the property of Paul Celona deprived Paul Celona of his Fourteenth Amendment right to Due Process.

90. Paul Celona is entitled to a judgment for monetary damages caused by Defendant Trifiro's refusal to return his property.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant as follows:

1. granting injunctive relief requiring Defendant Erickson to immediately reissue a License To Carry Firearms to Christopher Celona;

2. declaratory judgment that the denial of Plaintiff's applications for a Massachusetts License to Carry Firearms for a minor marijuana conviction violates Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution;

3. An Order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from denying, suspending, or revoking a license to carry firearms due to a minor marijuana possession conviction;

4. A judgment for monetary damages awarded to Christopher Celona and Prudence Celona for their damages due to the loss of their livestock;

5. A judgment for monetary damages awarded to all plaintiffs for the damages caused by the violation of their constitutional rights;

6. A declaratory Judgment that Chapter 140 § 129D does not authorize police to enter homes, search for weapons.

7. A declaratory Judgment that Chapter 140 § 129D does not authorize police to seize property;

8. awarding Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

9. such other relief as the court deems just.

October 26, 2015

    Respectfully submitted,
    Christopher Celona,
    Prudence Celona,
    Paul Celona,

    By their attorney,

    /s/ J. Steven Foley
    J. Steven Foley
    BBO # 685741
    Law Office of J. Steven Foley

100 Pleasant Street #100
Worcester, MA 01609
Tel: 508-754-1041
Fax: 508-739-4051
JSteven@attorneyfoley.com