UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER CELONA, ) | |
| PRUDENCE CELONA, and ) | |
| PAUL CELONA, ) | |
|     Plaintiffs ) | |
| vs. ) | |
| ) | CA. No. 4:15-cv-40147-TSH |
| NEIL ERICKSON, In his official ) | |
| capacity as Police Chief ) | |
| JAMES F. TRIFIRO, In his individual ) | |
| capacity as a police officer ) | |
| RUSS ST. PIERRE, In his individual ) | |
| Capacity as a police officer ) | |
|     Defendants ) | |

### DEFENDANTS, CHIEF NEIL ERICKSON, SERGEANT JAMES F. TRIFIRO AND SERGEANT RUSS ST. PIERRE'S ANSWER TO THE PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY

NOW COME the defendants, Chief Neil Erickson (herein "defendant" or "Chief"), Sergeant James F. Trifiro (herein "defendant" or "Trifiro) and Sergeant Russ St. Pierre (herein "defendant" or "St. Pierre) in the above entitled matter and hereby ANSWER the plaintiffs, Christopher Celona, Prudence Celona and Paul Celona's Complaint and further state as follows:

1. The defendants deny the allegations contained in paragraph 1 of the plaintiffs' Complaint.

2. The defendants deny the allegations contained in paragraph 2 of the plaintiffs' Complaint for lack of personal knowledge.

3. The defendants deny the allegations contained in paragraph 3 of the plaintiffs' Complaint for lack of personal knowledge.

4. The defendants deny the allegations contained in paragraph 4 of the plaintiffs' Complaint for lack of personal knowledge.

5. The defendants deny the allegations contained in paragraph 5 of the plaintiffs' Complaint for lack of personal knowledge.

6. The defendants deny the allegations contained in paragraph 6 of the plaintiffs' Complaint for lack of personal knowledge.

7. The defendant, Chief Erickson, admits the allegations contained in paragraph 7 of the plaintiffs' Complaint.

8. The defendant, Chief Erickson, neither admits nor denies the allegations contained in paragraph 8 of the plaintiffs' Complaint as the same calls for a legal conclusion.

9. The defendant, Sergeant Trifiro, admits that he is a police officer in the City of Gardner but denies the remaining allegations contained in paragraph 9 of the plaintiffs' Complaint as the same calls for a legal conclusion.

10. The defendant, Sergeant Trifiro, neither admits nor denies the allegations contained in paragraph 11 of the plaintiffs' Complaint as the same calls for a legal conclusion.

11. The defendant, Sergeant St. Pierre, admits that he is a police officer in the City of Gardner but denies the remaining allegations contained in paragraph 11 of the plaintiffs' Complaint as the same calls for a legal conclusion.

12. The defendant, Sergeant St. Pierre, neither admits nor denies the allegations contained in paragraph 12 of the plaintiffs' Complaint as the same calls for a legal conclusion.

13. The defendants neither admit nor deny the allegations contained in paragraph 10 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

14. The defendants neither admit nor deny the allegations contained in paragraph 11 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiffs' Complaint for lack of personal knowledge.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiffs' Complaint for lack of personal knowledge.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiffs' Complaint for lack of personal knowledge.

18. Upon information and belief, the defendants admit that Christopher Celona was previously convicted of possession of marijuana. The defendants deny the remaining allegations contained in paragraph 18 of the plaintiffs' Complaint for lack of personal knowledge.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiffs' Complaint for lack of personal knowledge.

20. The defendants admit that Christopher Celona submitted an application to renew his License to Carry Firearms with the Gardner Police Department. The defendants deny the date as alleged for lack of personal knowledge.

21. The defendants admit that on or about April 7, 2015 Sergeant St. Pierre met with the plaintiff at his home but neither admit nor deny the remaining allegations contained in paragraph 21 of the plaintiffs' Complaint as the contents of the letter speak for themselves.

22. The defendants neither admit nor deny the allegations contained in paragraph 22 of the plaintiffs' Complaint but state the contents of the letter speak for themselves.

23. The defendants neither admit nor deny the allegations contained in paragraph 22 of the plaintiffs' Complaint but state the contents of the letter speak for themselves.

24. The defendants neither admit nor deny the allegations contained in paragraph 24 of the plaintiffs' Complaint but state the contents of the letter speak for themselves.

25. The defendants neither admit nor deny the allegations contained in paragraph 25 of the plaintiffs' Complaint as the same calls for a legal conclusion.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiffs' Complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiffs' Complaint.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiffs' Complaint.

29. The defendants deny the allegations contained in paragraph 29 of the plaintiffs' Complaint as the same calls for a legal conclusion.

30. The defendants deny the allegations contained in paragraph 30 of the plaintiffs' Complaint for lack of personal knowledge.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiffs' Complaint.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiffs' Complaint.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiffs' Complaint.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiffs' Complaint for lack of personal knowledge.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiffs' Complaint.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiffs' Complaint for lack of personal knowledge.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiffs' Complaint for lack of personal knowledge.

38. The defendants deny the allegations contained in paragraph 38 of the plaintiffs' Complaint for lack of personal knowledge.

39. The defendants deny the allegations contained in paragraph 39 of the plaintiffs' Complaint for lack of personal knowledge.

40. The defendants neither admit nor deny the allegations contained in paragraph 37 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

41. The defendants neither admit nor deny the allegations contained in paragraph 40 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

42. The defendants neither admit nor deny the allegations contained in paragraph 42 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

43. The defendants neither admit nor deny the allegations contained in paragraph 43 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

44. The defendants neither admit nor deny the allegations contained in paragraph 44 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

45. The defendants neither admit nor deny the allegations contained in paragraph 45 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

46. The defendants neither admit nor deny the allegations contained in paragraph 46 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

47. The defendants neither admit nor deny the allegations contained in paragraph 47 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

48. The defendants neither admit nor deny the allegations contained in paragraph 48 of the plaintiffs' Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

### COUNT I

49. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-48 above as though separately set forth herein.

50. The defendants deny the allegations contained in paragraph 50 of the plaintiffs' Complaint.

51. The defendants deny the allegations contained in paragraph 51 of the plaintiffs' Complaint.

52. The defendants deny the allegations contained in paragraph 52 of the plaintiffs' Complaint.

### COUNT II

53. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-52 above as though separately set forth herein.

54. The defendants deny the allegations contained in paragraph 54 of the plaintiffs' Complaint.

55. The defendants deny the allegations contained in paragraph 55 of the plaintiffs' Complaint.

56. The defendants deny the allegations contained in paragraph 56 of the plaintiffs' Complaint.

### COUNT III

57. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-56 above as though separately set forth herein.

58. The defendants deny the allegations contained in paragraph 58 of the plaintiffs' Complaint.

59. The defendants deny the allegations contained in paragraph 59 of the plaintiffs' Complaint.

60. The defendants deny the allegations contained in paragraph 60 of the plaintiffs' Complaint.

## COUNT IV

61. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-60 above as though separately set forth herein.

62. The defendants deny the allegations contained in paragraph 62 of the plaintiffs' Complaint.

63. The defendants deny the allegations contained in paragraph 63 of the plaintiffs' Complaint.

64. The defendants deny the allegations contained in paragraph 64 of the plaintiffs' Complaint.

## COUNT V

65. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-64 above as though separately set forth herein.

66. The defendants deny the allegations contained in paragraph 66 of the plaintiffs' Complaint.

67. The defendants deny the allegations contained in paragraph 67 of the plaintiffs' Complaint.

68. The defendants deny the allegations contained in paragraph 68 of the plaintiffs' Complaint.

## COUNT VI

69. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-68 above as though separately set forth herein.

70. The defendants deny the allegations contained in paragraph 70 of the plaintiffs' Complaint.

71. The defendants deny the allegations contained in paragraph 71 of the plaintiffs' Complaint.

72. The defendants deny the allegations contained in paragraph 72 of the plaintiffs' Complaint.

## COUNT VII

73. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-72 above as though separately set forth herein.

74. The defendants deny the allegations contained in paragraph 74 of the plaintiffs' Complaint.

75. The defendants deny the allegations contained in paragraph 75 of the plaintiffs' Complaint.

76. The defendants deny the allegations contained in paragraph 76 of the plaintiffs' Complaint.

## COUNT VIII

77. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-76 above as though separately set forth herein.

78. The defendants deny the allegations contained in paragraph 78 of the plaintiffs' Complaint.

79. The defendants deny the allegations contained in paragraph 79 of the plaintiffs' Complaint.

80. The defendants deny the allegations contained in paragraph 80 of the plaintiffs' Complaint.

## COUNT IX

81. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-80 above as though separately set forth herein.

82. The defendants deny the allegations contained in paragraph 82 of the plaintiffs' Complaint.

83. The defendants deny the allegations contained in paragraph 83 of the plaintiffs' Complaint.

84. The defendants deny the allegations contained in paragraph 84 of the plaintiffs' Complaint.

## COUNT X

85. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-84 above as though separately set forth herein.

86. The defendants deny the allegations contained in paragraph 86 of the plaintiffs' Complaint.

87. The defendants deny the allegations contained in paragraph 87 of the plaintiffs' Complaint.

## COUNT XI

88. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-87 above as though separately set forth herein.

89. The defendants deny the allegations contained in paragraph 89 of the plaintiffs' Complaint.

90. The defendants deny the allegations contained in paragraph 90 of the plaintiffs' Complaint.

## COUNT XII

91. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-90 above as though separately set forth herein.

92. The defendants deny the allegations contained in paragraph 92 of the plaintiffs' Complaint.

93. The defendants deny the allegations contained in paragraph 93 of the plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

And further answering the defendants say that the damages alleged were caused in whole or in part by the plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

And further answering the defendants say that the damages alleged were caused in whole or in part by the actions of a third party.

### THIRD AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiff assumed the risk of any damage sustained.

### FOURTH AFFIRMATIVE DEFENSE

And further answering the defendants say the plaintiffs, by their own conduct, are estopped from recovery hereunder.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants say the plaintiffs, by their own actions, have waived any and all rights against the defendants and are estopped from recovery hereunder.

### SIXTH AFFIRMATIVE DEFENSE

And further answering the defendants say that they were justified in their actions and conduct, and are therefore, not liable to the plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that this action was not commenced within the time required by the laws made and provided therefore.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the Complaint fails to state a cause of action upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the Court does not have personal jurisdiction over the said defendants, wherefore the said defendants requests that this action be dismissed pursuant to Fed.R.Civ.P. Rule l2(b)(2).

### TENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the Complaint should be dismissed pursuant to Fed.R.Civ.P. Rule l2(b)(5) for insufficient service of process.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the defendants are entitled to qualified immunity as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering the defendants say that, in the event that the plaintiffs should recover a judgment against them in this action, the plaintiffs shall not be entitled to recover interest prior to the issuance of any such judgment, nor shall the plaintiffs be entitled to the recovery of costs against said defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants state their actions were performed according to, and protected by law and/or legal process, and the plaintiffs are barred from recovery hereunder.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants deny that the acts were committed as alleged in the plaintiffs' Complaint, however if any said acts were committed as alleged, the defendants state that at all times material hereto, they acted in good faith and a reasonable belief that their actions were in compliance with all relevant laws and circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that their actions are immune from suit as they were discretionary functions.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that if the plaintiffs suffered damages as alleged, such damages were caused by someone for whose conduct the defendants were not or are not legally responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that they were privileged or justified in their actions and the plaintiffs are not entitled to recover.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that their actions are immune from suit as they were discretionary functions.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the defendants' conduct was not extreme and outrageous.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiffs failed to fulfill a condition precedent to recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiffs have failed to exhaust all administrative remedies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiffs have failed to join a necessary party.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the defendants say that the allegations set forth in the Complaint are wholly insubstantial, frivolous and not advanced in good faith and the defendants, are therefore, entitled to recover reasonable counsel fees, costs and expenses incurred in defense of said allegations to the extent provided by G.L.c. 23l § 6F.

### JURY CLAIM

The defendants Chief Neil Erickson, Sergeant James F. Trifiro and Sergeant Russ St. Pierre request a trial by jury as to all issues.

DEFENDANTS,
By their attorney,

/s/ Courtney E. Mayo
Courtney E. Mayo, Esquire
BBO # 657790
Hassett & Donnelly, P.C.
446 Main Street - 12th Floor
Worcester, MA 01608
Phone:  (508) 791-6287
cmayo@hassettanddonnelly.com

Dated: November 18, 2015

## CERTIFICATE OF SERVICE

   I, Courtney E. Mayo, counsel for the defendants in the above-entitled matter, hereby certify that I have served a copy of the foregoing upon all parties through the Electronic Case Filing system this 18th day of November 2015 to:

J. Steven Foley, Esquire
Law Office of J. Steven Foley
100 Pleasant Street # 100
Worcester, MA 01609
JSteven@attorneyfoley.com

             /s/ Courtney E. Mayo
             Courtney E. Mayo, Esquire